### MANTLE LAMP CO. OF AMERICA v. ALUMINUM PRODUCTS CO.

No. 5412.

Circuit Court of Appeals, Seventh Circuit.

Nov. 28, 1936.

George I. Haight, W. H. F. Millar, and Thomas G. Steward, all of Chicago, Ill., for appellant.

Wm. Nevarre Cromwell and James L. McManus, both of Chicago, Ill., for appellee.

Before EVANS and SPARKS, Circuit Judges, and LINDLEY, District Judge.

SPARKS, Circuit Judge.

Appellant sued appellee for infringement of patent No. 1,435,199, which was granted upon the application of Blair and issued to appellant, the assignee of the invention and application, on November 14, 1922. The defense was invalidity and non-infringement. The bill was dismissed for want of equity, and from that decree this appeal is prosecuted.

The validity of this patent was heretofore contested in this court in Macomb Manufacturing Company v. Mantle Lamp Company of America, 22 F.(2d) 93, and in Monarch Company, Inc., v. Mantle Lamp Company of America, 22 F.(2d) 95, and claims 1, 4, 5, 6, 7, 10, 11, 12, 13, 14, 17, 18, 21, 22, 23 and 24 were held invalid for lack of novelty.

Subsequently, appellant instituted a suit for infringement of the same patent, in Ohio, against the George H. Bowman Company. The defendant answered, asserting invalidity, and thereafter did not appear and was not represented. The District Court held the patents invalid on the authority of the Macomb and Monarch Cases, supra, stating in its unpublished opinion, " * * * as the latter were rendered on what I understand to be substantially the same evidence of lack of invention, which can be found in the record before me * * * I regard myself bound to follow them." On appeal, the Court of Appeals for the Sixth Circuit reversed the District Court and held claim 1 valid and infringed. Mantle Lamp Co.

v. George H. Bowman Co., 53 F.(2d) 441. In that appeal the appellee did not appear and was not represented.

The appellant thereupon sought certiorari in the Bowman Case on the ground of a conflict of decision between the Sixth and Seventh Circuits. This was denied by the Supreme Court because the petitioner had been successful in the cause in which it sought certiorari. 285 U.S. 545, 52 S.Ct. 394, 76 L.Ed. 936.

There was a difference in the evidence submitted in the Bowman Case and in the case at bar from that presented in the Macomb and Monarch Cases. It consisted of the testimony of witnesses Brainard and Terry who did not testify in the last named cases.

Although the validity of this patent is a close question, we are not convinced that the additional testimony is sufficient to warrant us in departing from the former rulings of this court in the Macomb and Monarch Cases.

Decree affirmed.